*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CONNELL, Minors.

UNPUBLISHED
October 20, 2022

No. 361359
Manistee Circuit Court
Family Division
LC No. 20-000011-NA

Before: MARKEY, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Respondent-father appeals by right the trial court's order terminating his parental rights to the minor children, SRC and KMC, under MCL 712A.19b(3)(b)(*i*), (h), (j), and (k)(*ii*).[1] These grounds were effectively all predicated on respondent's sexual abuse of his stepdaughter, AMW, who was SRC and KMC's half-sister. Respondent argues that the trial court clearly erred by terminating his parental rights because the statutory grounds for termination were not established by clear and convincing evidence. We disagree and affirm.

## I. FACTS AND PROCEDURAL HISTORY

In March 2020, the Department of Health and Human Services (DHHS) filed a petition requesting that the trial court terminate respondent's parental rights to SRC and KMC. In relevant part, the petition alleged that respondent had sexually abused AMW on two separate occasions in 2020. In addition, the petition alleged that in 2017, respondent had pleaded guilty to indecent exposure regarding another incident involving AMW. An amended petition was filed in September 2021, adding allegations that in August 2021, respondent pleaded *nolo contendere* to second-degree assault with intent to commit criminal sexual conduct (sexual assault) against AMW, resulting in the imposition of a sentence of 40 months to 10 years' imprisonment. Respondent pleaded no contest to the allegations in the amended petition regarding his sexual assault of AMW. A certified copy of his judgment of sentence and a transcript of his

---

[1] The parental rights of the children's mother were not terminated, and she has full custody of SRC and KMC.

stepdaughter's testimony during the criminal case were admitted as exhibits to support the existence of statutory grounds to exercise jurisdiction.

During a dispositional and termination hearing in April 2022, the children's mother testified that she had obtained full legal and physical custody of the children in 2017. She indicated that respondent had been awarded two supervised parenting visits per week, but he only exercised visitation once a week or sometimes never showed up at all. According to the children's mother, respondent never provided her with financial support, nor did he pay child support. Respondent would at times help to get the children ready for school in the morning. In addition, the children's mother testified that SRC and KMC did not really share a bond with respondent. The children were aware that "something bad" had happened to AMW and that respondent was responsible and imprisoned, but they did not know specifically what had occurred. The children's mother claimed that she was taking care of the children on her own and that they were doing very well. She opined that it was in the children's best interests to terminate respondent's parental rights.

Respondent testified that he had lived at the children's home Mondays through Fridays, that he helped get the children ready for school, that he paid the children's mother's heat bill, that he gave the mother his disability payments, that he asked his own mother to financially support the children while he was incarcerated, and that he paid child support, although he had no supporting proof. Respondent acknowledged his pleas relative to the 2017 and 2020 criminal cases involving the sexual abuse and assault of his stepdaughter, and he did not contest the criminal charges and convictions in the termination hearing. During respondent's incarceration, he received monthly counseling, signed up for a parenting class, participated in a class for sex offenders, and read parenting books. Respondent believed that it would be harmful to the children if he were removed from their lives, and he wanted to personally talk to them in the future about the circumstances regarding his criminal convictions.

After concluding that the statutory grounds for termination were satisfied under MCL 712A.19b(3)(b)(*i*), (h), (j), and (k)(*ii*), and that it was in the children's best interests to terminate respondent's parental rights, the trial court terminated respondent's parental rights to SRC and KMC. Respondent appeals.

## II. ANALYSIS AND RESOLUTION

On appeal, respondent argues that the trial court clearly erred by finding that clear and convincing evidence existed to terminate his parental rights under MCL 712A.19b(3)(b)(*i*), (h), (j), and (k)(*ii*). He contends that none of the statutory grounds were established.

In *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020), this Court set forth the following framework applicable to parental-termination appeals:

> If a trial court finds that a single statutory ground for termination has been established by clear and convincing evidence and that it has been proved by a preponderance of the evidence that termination of parental rights is in the best interests of a child, the court is mandated to terminate a respondent's parental rights to that child. This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the

children's best interests. A finding is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed. When applying the clear error standard in parental termination cases, regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it. [Quotation marks, citations, brackets, and ellipses omitted.]

MCL 712A.19b(3)(b)(*i*) provides, in pertinent part, for the termination of parental rights when a sibling of a child at issue has suffered sexual abuse, the parent's act caused the sexual abuse, and there is a reasonable likelihood that the child at issue will suffer abuse in the foreseeable future if placed in the parent's home.

Respondent argues that the trial court clearly erred by finding that MCL 712A.19b(3)(b)(*i*) was established by clear and convincing evidence because it was not demonstrated that there existed a reasonable likelihood that the children would suffer from abuse in the foreseeable future if placed with respondent. Specifically, respondent maintains that there was no evidence that he had abused his biological children, SRC and KMC, that the abuse of AMW occurred in the presence of his children, or that SRC and KMC were similarly situated in comparison to AMW. We note that there is no dispute that AMW is a sibling of SRC and KMC and that AMW suffered sexual abuse at the hands of respondent.

The doctrine of anticipatory neglect or abuse provides that how a parent treats one child is probative of how that parent may treat other children. *In re LaFrance Minors*, 306 Mich App 713, 730; 858 NW2d 143 (2014). We have cautioned against using the doctrine of anticipatory neglect in cases in which the children at issue have not been abused or neglected and are not similarly situated to a sibling who was abused or neglected. *Id*. at 730-732. Here, we have three females of comparable age, making them similarly situated in relation to respondent's type of sexual deviancy. And while there was no evidence that the sexual abuse occurred in the direct presence of SRC and KMC, there was evidence that one of the incidents of abuse occurred in a home while SRC and KMC were present in the home. We are not persuaded by respondent's argument distinguishing his biological children from AMW. In a case where a half-sister of two young boys was sexually abused and the respondent lost parental rights to the boys, this Court ruled that "there is nothing in the record to support respondent's pseudo-psychological argument that he is not a danger to young boys—abuse is abuse." *In re Mota*, 334 Mich App at 319-320.

We also note that respondent does not engage in any discussion or legal analysis of anticipatory abuse. See *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.") (quotation marks and citation omitted). We cannot conclude that the trial court clearly erred by finding that MCL 712A.19b(3)(b)(*i*) was proven by clear and convincing evidence. Given that only one statutory ground need be proven to support termination, we need not address the other statutory grounds.

We affirm.

/s/ Jane E. Markey
/s/ David H. Sawyer
/s/ Mark T. Boonstra